# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PEDRO GUILLEN RAMIREZ, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | No. 4:17-CV-705 |
| | : | |
| WARDEN CRAIG LOWE, ET AL., | : | (Judge Brann) |
| | : | |
| Respondents. | : | |

## MEMORANDUM OPINION

### FEBRUARY 13, 2018

**I.     BACKGROUND**

Pedro Guillen Ramirez, a detainee of the Department of Homeland Security, Immigration and Customs Enforcement ("ICE") presently confined at the Pike County Prison, Lords Valley, Pennsylvania, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Warden Craig Lowe of the Pike County Prison was previously deemed to be the sole Respondent.  Service of the petition was ordered.

Guillen Ramirez states that he is a native and citizen of El Salvador who first entered the United States on July 25, 2000.   While in this country, Petitioner was convicted of a sexual offense in the Commonwealth of Virginia.  As a result of that conviction, Guillen Ramirez was removed from the United States.

-1-

Thereafter, Petitioner illegally reentered this country. He was retaken into custody by the United States Secret Service at a traffic stop. After completing a prison term for an illegal reentry conviction, an immigration judge ordered Petitioner's removal on January 6, 2017. The Board of Immigration Appeals affirmed that decision on February 3, 2017. Guillen Ramirez indicates that he has appealed that decision to the United States Court of Appeals for the Third Circuit. *See* Doc. 6, p. 2.

According to the Petitioner, he had been detained by ICE for almost eleven (11) months at the time this matter was filed. Petitioner's pending § 2241 petition challenges his indefinite detention pending completion of his removal proceedings under the standards announced in *Zadvydas v. Davis*, 533 U.S. 678 (2001) and related cases.

## II. DISCUSSION

On February 2, 2018, Respondent filed a "Suggestion of Mootness." Doc. 9, p. 1. The notice states that Petitioner was removed from the United States on November 29, 2017. *See id*. Accordingly, Respondent contends that since Guillen Ramirez has been removed from this country, dismissal on the basis of mootness is appropriate.

The case or controversy requirement of Article III, § 2 of the United States Constitution subsists through all stages of federal judicial proceedings. Parties

must continue to have a "'personal stake in the outcome' of the lawsuit." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990); *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975). In other words, throughout the course of the action, the aggrieved party must suffer or be threatened with actual injury caused by the defendant. *Lewis*, 494 U.S. at 477.

The adjudicatory power of a federal court depends upon "the <u>continuing</u> existence of a live and acute controversy." *Steffel v. Thompson*, 415 U.S. 452, 459 (1974) (emphasis in original). "The rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Id.* at n.10 (citations omitted). "Past exposure to illegal conduct is insufficient to sustain a present case or controversy ... if unaccompanied by continuing, present adverse effects." *Rosenberg v. Meese*, 622 F. Supp. 1451, 1462 (S.D.N.Y. 1985) (citing *O'Shea v. Littleton*, 414 U.S. 488, 495-96 (1974)); *see also Gaeta v. Gerlinski*, Civil No. 3:CV-02-465, slip op. at p. 2 (M.D. Pa. May 17, 2002) (Vanaskie, C.J.).

As relief, Guillen Ramirez sought his immediate release from ICE detention. *See* Doc. 1, p. 11d. A submitted copy of Petitioner's ICE Detention History shows that he was removed on November 29, 2017. *See* Doc. 9-1. Since Petitioner is no longer being detained by ICE, under the principles set forth in *Steffel*, Guillen Ramirez's instant petition is subject to dismissal as moot since it no longer presents

an existing case or controversy. An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge